<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HUGH MAC-TRUONG, | : |
| Appellant, | : Civ. No. 06 - 2247 (GEB) |
| v. | : |
| STEVEN P. KARTZMAN, ADAM G. BRIEF, BRUCE S. ETTERMAN, | : MEMORANDUM OPINION |
| Appellees. | : |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the appeal by Hugh Mac-Truong ("Mac-Truong" or "Appellant") of the Honorable Bankruptcy Judge Novalyn L. Winfield's Order dismissing with prejudice his Complaint against Appellees Steven P. Kartzman, Adam G. Brief and Bruce S. Etterman (collectively, "Appellees"). The Court has reviewed the record and decided the appeal without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Mr. Mac-Truong's appeal.

**DISCUSSION**

On or about April 10, 2006, Judge Winfield dismissed Mr. Mac-Truong's complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 1.) Mr. Mac-Truong filed a notice of appeal of Judge Winfield's Order to this Court on April 17, 2006. (*Id.*) He then filed a "Designation of Record on Appeal and Statement of the Issues to be Presented" on April 26, 2006. (Docket Entry No. 2.) That document set out the issues

presented to this Court on appeal:

>   1. Whether the U.S. Bankruptcy Court erred as a matter of fact and/or law when the Court denied Plaintiff-Appellant's Motion to Remand Proceeding #06-1401-NLW to original State court for adjudication.
>
>   2. Whether the U.S. Bankruptcy Court erred as a matter of fact and/or law when the Court granted Defendants-Appellees' Motion to Dismiss Plaintiff's Complaint pursuant to F.R.Cv.P. [sic] 12(b)(6).
>
>   3. Any other issues that a review of the appeals record may show to be appropriate to be raised.

(*Id.*)  Mr. Mac-Truong did not, however, file a brief in support of his appeal.  Over a year and a half have passed without further filings by Mr. Mac-Truong.  The matter has now been reassigned to the undersigned.

"[T]his Court may dismiss an appeal from an order of the Bankruptcy Court for an appellant's failure to prosecute and file a brief in a timely fashion . . . ."  *Buccolo v. Orr*, No. 07-1036, 2007 U.S. Dist. LEXIS 78868, at *3 (D.N.J. Oct. 23, 2007), *citing* FED. R. BANKR. P. 8001(a).  "[E]ven a pro se appellant must abide by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure . . . ."  *Buccolo*, at *4, *citing In re Am. Metrocomm Corp.*, 196 Fed. App'x 86, 87-88 (3d Cir. 2006).  In determining whether to dismiss an appeal for failure to prosecute the Court should balance the following factors:

>   (1) the extent of the party's personal responsibility,
>   (2) any prejudice to the adverse party caused by the failure to meet scheduling orders and respond to discovery,
>   (3) whether the party has a history of dilatoriness,
>   (4) whether the party acted willfully or in bad faith,
>   (5) the effectiveness of sanctions other than dismissal, and
>   (6) the meritoriousness of the party's claim

*Buccolo*, at **4-5, *citing Richardson v. Treacy, Shaffel, Moore & Mueller*, 189 Fed. App'x 93, 96 (3d Cir. 2006).

Mr. Mac-Truong filed his notice of appeal in the Spring of 2006, and was notified by the Clerk of Court that his brief would be due by June 2, 2006.  (*See* 5/18/06 Docket Entry.)  Mr. Mac-Truong has yet to file such a brief.   There is no dispute that Mr. Mac-Truong has failed to prosecute his appeal as required under Federal Rule of Bankruptcy Procedure 8001(a).  The Court must therefore turn to the balancing test set out by the Third Circuit in *Richardson* to determine whether to dismiss Mr. Mac-Truong's appeal.

Mr. Mac-Truong has provided no explanation to the Court for his failure to file a brief in support of his appeal.  As a party *pro se*, Mr. Mac-Truong is personally responsible for the failure to file a brief.  While the lengthy delay may have prejudiced his opponent, we have no information to that effect.

Turning to the third and fourth factors of the test,  the Court notes that Mr. Mac-Truong has initiated a multitude of actions in this district alone, many of which relate to the facts at issue in this case.  *See*, *e.g.*, cases No. 07-1203, 05-2595, 05-2847, 06-2929, 06-3286, 06-3464, 06-4978, 02-5178.  In at least one prior bankruptcy appeal, Mr. Mac-Truong failed to file a brief by the time requested by the Clerk of Court.  *See* case No. 05-2595.  Moreover, the Court notes that Mr. Mac-Truong has not filed an opposition to the underlying motion to dismiss before the Bankruptcy Court.

Finally, since Mr. Mac-Truong has not provided any of the grounds for his appeal to the Court, we cannot at this point determine whether his appeal is meritorious.

Taking into account the factors above, we hold that Mr. Mac-Truong's appeal should be

dismissed for failure to prosecute, particularly since no other sanction appears appropriate under the circumstances.

**CONCLUSION**

For the foregoing reasons, the Court will dismiss Mr. Mac-Truong's appeal. An appropriate form of Order accompanies this Opinion.

Dated: January 2, 2008

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.